IBK8SOCC

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

          v.                             18 Cr. 843 (PKC)

SOCIETE GENERALE S.A.,

               Defendant.

------------------------------x
                                         November 20, 2018
                                         2:00 p.m.

Before:

                    HON. P. KEVIN CASTEL,

                                         District Judge

                         APPEARANCES

GEOFFREY S. BERMAN
     United States Attorney for the
     Southern District of New York
BY:  ALEXANDER WILSON
     BENET KEARNEY
     Assistant United States Attorneys

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
     Attorneys for Defendant
BY:  KEITH D. KRAKAUR
     DANIEL B. WEINSTEIN
     KHALIL N. MAALOUF
          -and-
SULLIVAN & CROMWELL, LLP
BY:  DAVID BRAFF


ALSO PRESENT:  NICOLAS BROOKE, Societe Generale
               JOHN DRISCOLL, Societe Generale
```

IBK8SOCC

1           (Case called)
2           THE DEPUTY CLERK:  For the government.
3           MR. WILSON:  Good afternoon, your Honor.  Alexander
4 Wilson and Benet Kearney for the government.
5           THE COURT:  Good afternoon to you both.
6           For the defendant.
7           MR. KRAKAUR:  Keith Krakaur, Skadden, Arps, Slate,
8 Meagher & Flom, as well as David Braff of Sullivan & Cromwell.
9           THE COURT:  Good afternoon to you all.
10           Who is with you today in the courtroom?
11           MR. KRAKAUR:  To my right we have Nicolas Brooke, who
12 is the general counsel for litigation and investigations for
13 Societe Generale based in Paris.
14           To his right are two of my colleagues, Daniel
15 Weinstein and Khalil Maalouf from Skadden, and John Driscoll as
16 well from Societe Generale based in New York.
17           THE COURT:  So as I understand it, there is a waiver
18 of indictment and an information that the government seeks to
19 file.  Is that correct?
20           MR. WILSON:  That's correct, your Honor.
21           THE COURT:  I understand that the authorized corporate
22 representative in the courtroom is Mr. Brooke.  Is that
23 correct?
24           MR. KRAKAUR:  That's correct, your Honor.
25           THE COURT:  So what I propose to do is I am going to

IBK8SOCC

1  have Mr. Brooke put under oath.  I am going to ask him certain
2  questions, inform him of certain rights.  And Mr. Brooke, if
3  there is anything I ask you or tell you that you don't quite
4  understand, please let me know and I will put it into different
5  words.  And if at any point in today's proceedings you wish to
6  speak in private with your lawyer, I will give you the
7  opportunity to do so.
8            Do you understand that?
9            MR. BROOKE:  Yes, sir.
10           THE COURT:  Please stand and the clerk will administer
11 the oath.
12           (Nicolas Brooke sworn)
13           THE COURT:  You are now under oath, Mr. Brooke, and
14 your answers to my questions are subject to the penalties of
15 perjury or of making a false statement if you do not answer
16 truthfully.  Also, any statement you make today may be used in
17 any such prosecution.
18           Do you understand that?
19           MR. BROOKE:  Yes, your Honor.
20           THE COURT:  Now, tell me your position with Societe
21 Generale S.A.
22           MR. BROOKE:  I am employed as the general counsel for
23 litigation and investigations.
24           THE COURT: Do you have in front of you a letter on
25 the letterhead of the Department of Justice, dated November 18,

IBK8SOCC

1   2018, and appears to be ten pages in length, although there are
2   various signatures on copies of those pages?  Have you seen
3   that?
4           MR. BROOKE:  Yes, I have, your Honor.
5           THE COURT:  Let me place the original in front of you.
6           Mr. Brooke, you see as Exhibit A there is a
7   certificate of corporate resolutions.  Do you know whether that
8   is a true and accurate copy of a resolution adopted by the
9   board of directors of Societe Generale?
10          MR. BROOKE:  I recognize the resolution, your Honor.
11          THE COURT:  Is that, to the best of your knowledge, a
12  resolution that was duly adopted by the board of directors?
13          MR. BROOKE:  Yes, to the best of my knowledge.
14          THE COURT:  Are you the Nicolas Brooke that is
15  identified in the second line of the last paragraph of the
16  resolution?
17          MR. BROOKE:  Yes, I am.
18          THE COURT:  Are you, in fact, authorized to act on
19  behalf of Societe Generale with regard to the deferred
20  prosecution agreement and matters related thereto?
21          MR. BROOKE:  Yes, I am.
22          THE COURT:  Now, I understand -- you can leave that,
23  Madam Deputy, and bring a second document in front of
24  Mr. Brooke.
25          I am having my deputy place before you a document

IBK8SOCC

1  which appears to be a waiver of indictment.
2              Is that your signature on the document?
3              MR. BROOKE:  That is my signature.
4              THE COURT:  Did you read it before you signed it?
5              MR. BROOKE:  Yes, I did.
6              THE COURT:  Did you intend to bind the corporation
7  when you signed it?
8              MR. BROOKE:  Yes, your Honor.
9              THE COURT:  Did you discuss it with your lawyer before
10  you signed it?
11              MR. BROOKE:  Yes, I did.
12              THE COURT:  You understand that the lawyers who are
13  with you today from Skadden Arps and Sullivan & Cromwell, that
14  they are lawyers for the corporation, is that correct?
15              MR. BROOKE:  That's correct.
16              THE COURT:  And you discussed this waiver of
17  indictment with your lawyers, is that correct?
18              MR. BROOKE:  Yes, I have.
19              THE COURT:  Did you understand that the corporation
20  had the right to have the evidence underlying the charges
21  presented to a grand jury of 23 people and to have those people
22  decide by majority vote whether the corporation should be
23  charged or not, and that by signing the waiver of indictment,
24  the corporation gave up that right and authorized the filing of
25  the charges based solely on the signature of the U.S. attorney?

IBK8SOCC

1       Did you understand all that?
2       MR. BROOKE:  Yes, your Honor.
3       THE COURT:  Do you have any questions of me about the
4  waiver of indictment?
5       MR. BROOKE:  No questions.
6       THE COURT:  I find that the waiver of indictment is
7  knowing and voluntary and it is accepted.
8       The information will be deemed filed in open court.
9       Mr. Brooke, have you received, read and reviewed the
10 three-page information which charges Societe Generale with
11 conspiracy to violate the Trading with the Enemy Act in a
12 single count?
13      MR. BROOKE:  Yes, I have.
14      THE COURT:  And you have a right to have that charge
15 read aloud in open court.  Do you wish me to read it aloud or
16 do you prefer to waive the public reading of the information?
17      MR. BROOKE:  The reading won't be necessary so I will
18 waive it.
19      THE COURT:  So you are waiving your right to a public
20 reading of the charge, the information?
21      MR. BROOKE:  Yes, I am.
22      THE COURT:  And you have read this information, is
23 that correct?
24      MR. BROOKE:  Indeed, sir.
25      THE COURT:  And you have discussed it with your

IBK8SOCC

1  lawyers?
2           MR. BROOKE:  Yes, sir.
3           THE COURT:  How does the corporation plead to the
4  charge in the information?
5           MR. BROOKE:  The corporation pleads not guilty.
6           THE COURT:  A plea of not guilty will be noted on the
7  docket of the court.
8           Now, I understand that there has been a deferred
9  prosecution agreement entered into between you and the
10 government, is that correct?
11          MR. BROOKE:  Yes, your Honor.
12          THE COURT:  That's the document that was previously
13 shown to you, I believe it had ten pages, and it has three
14 exhibits to it?
15          MR. BROOKE:  Yes, your Honor.
16          THE COURT:  Now, is that your signature on the
17 document?
18          MR. BROOKE:  Yes, it is.
19          THE COURT:  Before you signed the document, did you
20 read the document?
21          MR. BROOKE:  Yes, I did.
22          THE COURT:  Did you discuss it with the corporation's
23 attorneys?
24          MR. BROOKE:  Yes, I did.
25          THE COURT:  Did you discuss it with management of the

IBK8SOCC

1  corporation?
2             MR. BROOKE:  Yes, I did.
3             THE COURT:  Did you ask questions about the document?
4             MR. BROOKE:  I did.
5             THE COURT:  Did your lawyers answer those questions?
6             MR. BROOKE:  Absolutely.
7             THE COURT:  Have you had enough time to consider your
8  options in this case?
9             MR. BROOKE:  Yes, your Honor.
10            THE COURT:  Are you satisfied with your lawyer's
11 representation of you?
12            MR. BROOKE:  Yes, entirely.
13            THE COURT:  Has anyone threatened the corporation or
14 forced the corporation in any way to enter into the deferred
15 prosecution agreement?
16            MR. BROOKE:  No, your Honor.
17            THE COURT:  Has anyone promised the corporation
18 anything or given the corporation anything of value in order to
19 induce it to enter into the deferred prosecution agreement?
20            MR. BROOKE:  Beyond the terms of the agreement, no.
21            THE COURT:  Does the deferred prosecution agreement
22 contain all of your understandings with the government?
23            MR. BROOKE:  Yes, it does, your Honor.
24            THE COURT:  Has anything been left out?
25            MR. BROOKE:  No, sir.

IBK8SOCC

1    THE COURT:  All right.
2    I find that the deferred prosecution was knowingly and
3 voluntarily entered into by the corporation.
4    I understand it's the government's application to
5 exclude time under the Speedy Trial Act.  I will hear briefly
6 your application.
7    MR. WILSON:  Yes, your Honor.  The government moves
8 that time be excluded under the Speedy Trial Act until November
9 18, 2021, which is the term of the DPA, three years, pursuant
10 to 18, U.S. Code, 3161(h)(2).  The government also notes that
11 SocGen has agreed to waive any speedy trial rights under the
12 act or the Constitution or otherwise under paragraph 12 of the
13 deferred prosecution agreement.
14    THE COURT:  Mr. Brooke, you heard what the government
15 has said.  They are moving to exclude time under the Speedy
16 Trial Act, and they are also asserting that you are willing to
17 waive any constitutional right that you have to a speedy trial.
18    Is that true, sir?
19    MR. BROOKE:  That is correct, your Honor.
20    THE COURT:  Now, these are serious matters, waiving
21 your right to a speedy trial and waiving any rights you may
22 have under the United States Constitution to a speedy trial.
23 The Sixth Amendment to the Constitution guarantees a defendant
24 a speedy and public trial before an impartial jury on the
25 charges contained in the charging document.

1         Do you understand that by agreeing to the exclusion of
2    time you are giving up that right?
3         MR. BROOKE:  I do understand that, your Honor.
4         THE COURT:  Do you understand that you have the right
5    under the statute, the Speedy Trial Act, to a speedy trial?  Do
6    you understand that you are giving up that right as well?
7         MR. BROOKE:  I do.
8         THE COURT:  Do you understand that it may not be in
9    the corporation's best interest to waive time under the Speedy
10   Trial Act because if charges were pursued today, it may be that
11   you would be in a better position to defend them today than you
12   would be three years from now?
13        Do you understand that?
14        MR. BROOKE:  I do understand that.
15        THE COURT:  You understand you are giving up that
16   right?
17        MR. BROOKE:  I do.
18        THE COURT:  Have you discussed this with your lawyers?
19        MR. BROOKE:  I have.
20        THE COURT:  It's still your intention to waive your
21   right to a speedy trial under the Speedy Trial Act and under
22   the Constitution of the United States?
23        MR. BROOKE:  Yes, it is.
24        THE COURT:  I find that the waiver is knowing and
25   voluntary and it is accepted.

IBK8SOCC

1           Further, I find that the government's application is
2  both in the best interests of the public and the defendant that
3  the right to a speedy trial be deemed waived because this will
4  give the defendant an opportunity to demonstrate its good
5  conduct.  And I further find that the DPA is bona fide and that
6  it is genuinely intended to allow the defendant to demonstrate
7  his good conduct and does not constitute a disguised effort to
8  circumvent the speedy trial clock.  Accordingly, the speedy
9  trial waiver, both statutory and constitutional, is accepted.
10           Is there anything further from the government?
11           MR. WILSON:  No, your Honor.
12           THE COURT:  Is there anything further from the
13  defendant?
14           MR. KRAKAUR:  No, your Honor.
15           THE COURT:  All right.  Thank you all very much.
16           (Adjourned)